IN THE CIRCUIT COURT OF MARYLAND
MONTGOMERY COUNTY

Fleur S. Bresler and Sidney M. Bresler as the
Co-Personal Representatives of the
Estate of Charles S. Bresler
10401 Grosvenor Place, Unit 1701
Rockville, MD 20852

    Plaintiffs,

-against-

Wilmington Trust Company
111 South Calvert Street, Suite 2620                    Case No. _____
Baltimore Office
Baltimore, MD 21202

    Defendant.



## COMPLAINT
### (DECLARATORY JUDGMENT; BREACH OF CONTRACT- SPECIFIC PERFORMANCE; BREACH OF CONTRACT-MONETARY RELIEF)

COME NOW plaintiffs the Estate of Charles S. Bresler, ( the "Estate") by and through its personal representatives Fleur S. Bresler and Sidney M. Bresler, by and through undersigned counsel and, pursuant to §3-403 Md. Code, Courts and Judicial Proceedings, and Rule 2-101, for a cause of action state and aver as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is founded on §1-501 Md. Code, Courts and Judicial Proceedings. Venue is proper pursuant to §6-201(a) Md. Code, Courts and Judicial Proceedings.

### PARTIES

1. Plaintiffs Fleur S. Bresler and Sidney M. Bresler are the co-personal representatives of the Estate of Charles S. Bresler (the "Estate"). Fleur S. Bresler and Sidney Bresler were certified as co-personal representatives to administer the Estate on November 18, 2010 by the Montgomery County Register of Wills for Montgomery County, Maryland Estate No. W66983. Fleur S. Bresler and Sidney M. Bresler are residents and citizens of Montgomery County, Maryland. Charles S. Bresler died in Montgomery County, Maryland on October 22, 2010.

2. Wilmington Trust Company ("WTC") is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in Wilmington, Delaware and with offices in Maryland. Wilmington Trust offers various

banking services, including trust and fiduciary services. WTC is licensed to do business, and is regularly carrying on and transacting business in the State of Maryland, including Montgomery County, and including business out of which this claim arises.

## FACTS COMMON TO ALL COUNTS

3. Plaintiffs adopt and incorporate by reference as if specifically set forth herein the averments of paragraphs one through two of the complaint.

4. On or about January 8, 2004, Charles Bresler signed and entered into a certain Investment Management Agreement (the "Management Agreement") with WTC. A true copy of the Management Agreement is appended hereto as **Exhibit A**, and it is adopted and incorporated herein by reference as if specifically set forth herein.

5. Pursuant to the Management Agreement, WTC currently holds and manages approximately five million dollars ($5,000,000.00)( the precise amount being hereinafter described as the "Proceeds").

6. No later than October 26, 2010, WTC received written notice of Charles Bresler's death.

7. Pursuant to section V.d. of the Management Agreement, WTC is required to deliver to plaintiffs the Proceeds.

8. Despite written demand by plaintiffs, WTC has failed and refused to comply with the provisions of the Management Agreement and has failed to deliver to Plaintiffs the Proceeds.

## COUNT ONE
## (DECLARATORY JUDGMENT)

9. Plaintiffs adopt and incorporate by reference as if specifically set forth herein the averments of paragraphs one through eight of the Complaint.

10. In order to effectively manage and administer the Estate, plaintiffs are entitled to a declaratory judgment that:

   a. the Management Agreement is terminated pursuant to Article V.

   b. WTC is required to deliver to Plaintiffs the Proceeds.

11. The declaratory judgment is directed at issues which over which there is a substantial controversy, touching the legal relations of parties having adverse legal interests, and are definite and concrete, and ripe for adjudication, and are neither hypothetical nor theoretical, and are of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

12. The claims raised in this complaint admit of specific relief through a decree of a conclusive character, and is necessary to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations.

## COUNT TWO
## (BREACH OF CONTRACT - SPECIFIC PERFORMANCE)

13. Plaintiffs adopt and incorporate by reference as if specifically set forth herein the averments of paragraphs one through twelve of the Complaint.

14. Charles Bresler fully performed under the terms of the Management Agreement.

15. A money judgment is not practical because the amount of the Proceeds varies.

16. Plaintiffs are entitled to a decree enforcing Article V of the Management Agreement.

## COUNT THREE
### (BREACH OF CONTRACT – MONETARY RELIEF)

13. Plaintiffs adopt and incorporate by reference as if specifically set forth herein the averments of paragraphs one through 16 of the Complaint.

14. Plaintiffs have sustained damages in the amount of five million dollars ($5,000,000.00) as a direct, proximate and foreseeable consequence of the breach by WTC of the provisions of the Management Agreement.

**WHEREFORE**, by all these presents, counsel for plaintiffs prays for the following relief:

1. A declaratory judgment that the Management Agreement is terminated pursuant to Article V.

2. A declaratory judgment that WTC is required to deliver to Plaintiffs the Proceeds.

3. A decree, judgment and order directing WTC to forthwith deliver to plaintiffs the Proceeds.

4. A money judgment in favor of plaintiffs nd against defendant in the sum of five million dollars ($5,000,000) or such other sum as is equal to the Proceeds.

5. An award of pre-judgment and post-judgment interest.

6. Such other relief as the court may deem just and proper.

Respectfully Submitted,

_/s/ Rena Schild_

Rena Schild #04515
Musolino & Dessel PLLC
1615 L Street, NW
Suite 440
Washington, DC 20036
Phone: (202) 466-3883
Fax: (202) 775-7477
Email: rschild@musolinoanddessel.com

Rule 1-313 Certification

I, Rena Schild, do hereby certify that I am admitted to practice in the State of Maryland.

_/s/ Rena Schild_

Rena Schild

6